Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
Jessica Covington (SBN301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SHIEKH SHOES, LLC, a Limited Liability Company; and ELLAHI SHIEKH, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. 2:16-cv-03886-AB (MRWx) <br><br> **[PROPOSED] ORDER TO CONSENT JUDGMENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY ACTION OF DISMISSAL WITH PREJUDICE** <br><br> **Hon. André Birotte Jr.** |

1   **WHEREAS Plaintiff Deckers Outdoor Corporation** ("Deckers" or
2   "Plaintiff") having filed a Complaint in this action charging **Defendants Shiekh**
3   **Shoes, LLC** and **Ellahi Shiekh** (collectively, "Defendants") with Trade Dress
4   Infringement, Patent Infringement, and Unfair Competition arising from Defendants'
5   manufacture, distribution, promotion, advertisement, offering for sale, and/or sale of
6   footwear, the design of which Deckers has alleged infringes upon its Bailey Button
7   Boot Trade Dress (defined below) and '189 Patent (defined below).  The "Accused
8   Products" which Deckers has alleged infringe upon its trade dress and design patent
9   are identified by the Style Name "IMSU 3BUTN FLT BOOT" and Style Number
10  "95503" (hereinafter "Accused Products"), an example of which is shown below:



19      **WHEREAS**, Deckers is the owner of U.S. Patent No. D616,189 for the "Bailey
20  Button Triplet" boot (registered on May 25, 2010) (hereinafter " '189 Patent"); and
21      **WHEREAS**, Deckers is the owner of the "Bailey Button Boot Trade Dress,"
22  which is characterized by a combination of the following non-functional elements:  (a)
23  classic suede boot styling made famous by the UGG® brand; (b) overlapping of front
24  and rear panels on the lateral side of the boot shaft; (c) curved top edges on the
25  overlapping panels; (d) exposed fleece-type lining edging the overlapping panels and
26  top of the boot shaft; and (e) one or more buttons (depending on the height of the boot)
27  prominently featured on the lateral side of the boot shaft adjacent the overlapping
28  panels, and which characterization is accompanied by the following images:





**WHEREAS**, the parties hereto desiring to fully settle all of the claims in this action among the parties to this Final Consent Judgment; and

**WHEREAS**, the parties herein have simultaneously entered into a Settlement Agreement and Mutual Release,

**IT IS HEREBY ORDERED** that Defendants have agreed to the below terms of a consent judgment:

1. This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Consent Judgment are hereby permanently restrained and enjoined from:

   (a) Challenging the validity, enforceability, or Deckers' ownership of the Bailey Button Boot Trade Dress and/or '189 Patent;

   (b) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping, marketing and/or incorporating in advertising or marketing the Accused Products and/or any products that infringe upon the Bailey Button Boot Trade Dress and/or '189 Patent;

   (c) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated

with Plaintiff;

      (d)    Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 2(a) to 2(c) above.

    3.    Plaintiff and Defendants shall bear their own costs and attorneys' fees associated with this action.

    4.    The execution of this Final Consent Judgment shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of this action shall not have preclusive effect on those who are not a party to this action or who are not specifically released in the parties' written settlement agreement, all claims against whom Plaintiff expressly reserves.

    5.    The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Consent Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

    The Court's Order to Show Cause Regarding Dismissal for Lack of Prosecution (Dkt. No. 15) is hereby discharged.

**IT IS SO ORDERED.**

DATED: September 6, 2016

_____
Hon. André Birotte Jr.
**United States District Judge**